# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DELBERT E. HUDSON, | |
| Plaintiff, | 12-CV-2079-LRR |
| vs. | **ORDER** |
| TYSON FRESH MEATS, INC., | |
| Defendant. | |

The matter before the court is Plaintiff Delbert E. Hudson's "Motion to Alter or Amend Judgment and/or to Obtain Relief from the Judgment" ("Motion") (docket no. 21), pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6). Hudson filed the Motion on March 4, 2014. On March 19, 2014, Tyson filed a Resistance (docket no. 23). Hudson did not file a Reply and the time to do so has now passed. *See* LR 7(g). Neither party requests oral argument and the court finds that oral argument is unnecessary.

In the Motion, Hudson argues that the court erred by entering judgment against Hudson on his Family and Medical Leave Act ("FMLA") entitlement claim. In the court's February 26, 2014 Order, it granted Tyson's Motion for Summary Judgment (docket no. 12) with regard to Hudson's FMLA entitlement claim because Hudson did not show that he was prejudiced by Tyson's alleged misclassification of his FMLA claim as a claim for sick leave. The court stated:

> For purposes of Hudson's entitlement claim, the court assumes, *arguendo*, that Hudson was entitled to FMLA leave, gave adequate notice to Tyson regarding such leave and that Tyson did not grant Hudson FMLA leave. However, Hudson does not dispute that Tyson granted him sick leave, despite it not being classified as FMLA leave. *See* Resistance [docket no. 15] at 9 ("[Hudson]'s timely request for leave was neither delayed nor denied. Instead, on January 4, 2012, [Hudson]'s

1

> request for leave was promptly approved by Jim Hook, the [Human Resources] Manager."); Beganovic Deposition, [Hudson Appendix, ("Hudson App'x") (docket no. 15-3)] at 5-6; Leave of Absence Application, [Tyson Appendix, ("Tyson App'x") (docket nos. 12-3 through 12-18)] at 33. Moreover, Hudson does not allege that "he was prejudiced by the misclassification of this absence . . . [or that] [h]e was . . . denied compensation or benefits." *See* [*Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1007 (8th Cir. 2012)]. Eighth Circuit law is clear that "[t]he FMLA 'provides no relief unless the employee has been prejudiced by the violation.'" *Id.* at 1006 (quoting [*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)]). Accordingly, the court shall grant the Motion to the extent that it requests the court grant summary judgment in favor of Tyson with respect to the entitlement claim.

February 26, 2014 Order (docket no. 19) at 23. In the Motion, Hudson asserts that he argued in the Resistance to the Motion for Summary Judgment (docket no. 15) that he was prejudiced by Tyson's alleged misclassification because he was denied the entitlement of being restored to the same or similar position following his leave:

> [A] person that takes FMLA leave is generally entitled to be restored to the same position of employment or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. 29 [U.S.C.] § 2614(a)(1). [Hudson] was entitled to benefits under the FMLA. Namely, he was entitled to job protected leave, and he was entitled to be restored to his position, or an equivalent position, at the expiration of his leave.

Brief in Support of the Motion (docket no. 21-1) at 7-8 (emphasis omitted) (quoting Resistance to the Motion for Summary Judgment at 14).

Hudson continues to conflate an entitlement claim with a retaliation/discrimination claim. As the Eighth Circuit stated in *Stallings v. Hussman Corp.*, 447 F.3d 1041 (8th Cir. 2006), "only after [the employee/plaintiff] returned from FMLA leave did [the employer/defendant] question whether [the employee/plaintiff] fraudulently used his

2

FMLA leave and fire [employee/plaintiff]. Therefore, [employee/plaintiff]'s claim is fundamentally a claim for retaliation and should be analyzed as such." *Id.* at 1051. Like in *Stallings*, after Tyson thought Hudson was returning from leave, that is, on January 9, 2012,[1] it investigated why Hudson had been a no-show for multiple days and only then did Hudson tell a human resources representative "that he didn't come to work because he was [fed] up and felt that he wasn't getting the support he needed from [Hamdija] Beganovic," Hudson's supervisor. Wray Notes, Tyson App'x at 38. Following this conversation, Tyson determined that Hudson's employment should be terminated. Accordingly, like in *Stallings*, the court analyzed Hudson's claim as one for retaliation, which requires Hudson to prove discriminatory intent on the part of Tyson. And, in light of the record, the court correctly concluded that Hudson could not prevail under a retaliation theory. February 26, 2014 Order at 28.

Even assuming, *arguendo*, that Hudson could assert an entitlement claim because he was prejudiced by Tyson not restoring him to a same or similar position following his return from FMLA leave, despite the fact that Tyson granted Hudson time off and did not deny him any compensation or benefits, Hudson's claim *still* must fail. Effective January 10, 2012, Tyson did, in fact, restore Hudson to a same or similar position following his leave, which gave Hudson all he was entitled to under the FMLA. *See id.* at 11. On January 11, 2012, after restoring Hudson to his previous position, Tyson processed Hudson's termination papers. *Id.* Thus, Tyson did not deny Hudson "a benefit to which he is entitled under the statute." *See Pulczinski*, 691 F.3d at 1005.

Accordingly, the court denies Hudson's request that the court alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) because it did not commit

---

[1] On January 10, 2012, Hudson's doctor signed a work release for January 9, 2012, but when Hudson returned to work on January 9, 2012, Tyson rightfully concluded that Hudson had returned from leave.

"manifest errors of law or fact." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)). The court also denies Hudson's request that the court provide relief from a final judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) or 60(b)(6) because there has been no "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and because no "other reason . . . justifies relief," Fed. R. Civ. P. 60(b)(6).

In light of the foregoing, Hudson's Motion (docket no. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA