# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DELBERT E. HUDSON,

        Plaintiff,

vs.

TYSON FRESH MEATS, INC.,

        Defendant.

12-CV-2079-LRR

**ORDER**

_____

The matter before the court is Plaintiff Delbert E. Hudson's "Motion for Court to Review Taxation of Costs" ("Motion") (docket no. 32), requesting that the court review the Clerk of Court's award of costs to Defendant Tyson Fresh Meats, Inc. ("Tyson").

On February 26, 2014, the court granted Tyson's Motion for Summary Judgment (docket no. 12) in its entirety. *See* February 26, 2014 Order (docket no. 19). On that same date, the Clerk of Court entered Judgment in favor of Tyson. *See* Judgment (docket no. 20). On March 4, 2014, Hudson filed a "Motion to Alter or Amend Judgment and/or to Obtain Relief from the Judgment" ("Motion to Amend") (docket no. 21). On March 19, 2014, Tyson filed a Resistance to the Motion to Amend (docket no. 23). On April 1, 2014, the court denied Hudson's Motion to Amend (docket no. 24). On April 8, 2014, Hudson filed a Notice of Appeal (docket no. 25).

On April 9, 2014, Tyson filed a Bill of Costs (docket no. 26), requesting $1727.84. On April 11, 2014, Hudson filed a Resistance to Bill of Costs (docket no. 27) in which he argued that the Bill of Costs was untimely filed pursuant to Local Rule 54(a)(1)(A). On April 21, 2014, Tyson filed a Reply in Support of its Bill of Costs (docket no. 30). That same day, the Clerk of Court awarded Tyson $724.79 in costs. Taxation of Costs Memorandum (docket no. 31). On April 25, 2014, Hudson filed the Motion. On April

29, 2014, Tyson filed a Resistance to the Motion (docket no. 33). On that same date, Hudson filed a Reply in Support of the Motion (docket no. 34).

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, Rule 54(d)(1) does not provide a deadline for a request of costs as it does for attorney's fees pursuant to Rule 54(d)(2). However, Local Rule 54(a)(1)(A) provides such a deadline: "Within 14 days after entry of judgment, a party entitled to recover costs must complete and file a form A.O. 133. Failure to file the form by this deadline constitutes a waiver of the rights to have costs taxed." LR 54(a)(1)(A). Judgment entered in this case on February 26, 2014, which makes a bill of costs due on March 12, 2014. Tyson did not file the Bill of Costs until April 9, 2014, that is, well after the deadline clearly set forth in the Local Rules, which makes Tyson's request untimely. *See Brown v. The McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, 952 (N.D. Iowa 2007) (denying portions of a bill of costs that were filed after the fourteen-day deadline because they were untimely).

Tyson argues that the time for it to file a bill of costs was tolled by Hudson filing a Motion to Amend, but he has cited no Eighth Circuit Court of Appeals case or Northern District of Iowa case that supports this position. Nor has Tyson cited any local rule that tolls the fourteen-day period set forth in Local Rule 54(a)(1)(A). This court's view that Local Rule 54(a)(1)(A) does not provide for any tolling for post-judgment motions, such as Hudson's Motion to Amend, is consistent with cases in the Southern District of Iowa and Northern District of Iowa addressing identical language. *See Friedman & Friedman, Ltd. v. Tim McCandless Inc.*, No. C05-2007, 2008 WL 3061230, at *5 (N.D. Iowa Aug. 5, 2008), *reversed on other grounds*, 606 F.3d 494 (8th Cir. 2010); *Ryan v. Fortune Transp. Co.*, 214 F.R.D. 527, 535-36 (S.D. Iowa 2003), *vacated in part on reconsideration*, 291 F. Supp. 933 (S.D. Iowa 2003).

Accordingly, the Clerk of Court's award of costs (docket no. 31) is set aside and Hudson's Motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA