# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| DELBERT E. HUDSON, | |
| Plaintiff, | No. 12-CV-2079-LRR |
| vs. | **ORDER** |
| TYSON FRESH MEATS, INC., | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are Plaintiff Delbert Hudson's Motion in Limine ("Hudson Motion") (docket no. 46) and Defendant Tyson Fresh Meats, Inc.'s ("Tyson") Motions in Limine ("Tyson Motions") (docket nos. 47, 48, 49) and Tyson's Amended Motion in Limine ("Tyson Amended Motion") (docket no. 54) (collectively, "Motions").

## II. RELEVANT PROCEDURAL HISTORY

On July 15, 2015, Hudson filed the Hudson Motion and Tyson filed the Tyson Motions. On July 21, 2015, Hudson filed Resistances to the Tyson Motions (docket nos. 50, 51, 52). On July 22, 2015, Tyson filed a Resistance to the Hudson Motion (docket no. 53). On July 22, 2015, Tyson filed the Tyson Amended Motion. On July 30, 2015, the court held a Final Pretrial Conference ("FPTC"), at which the parties addressed the Motions. *See* July 30, 2015 Minute Entry (docket no. 59).

## III. ANALYSIS

### A. Hudson Motion

In the Hudson Motion, Hudson argues that the court should prohibit:

(1) "Presentation of any testimony, evidence or argument relating to the reasons or date of [Hudson's] separation from his prior employer Smithfield Packing";

(2) "Presentation of any testimony, evidence or argument relating to [Hudson's] alleged failure to mitigate damages";

(3) "Presentation of any testimony or argument to the effect that [Hudson] waived any rights he was entitled to under the FMLA";

(4) "Presentation of any testimony, evidence or argument relating to any claim that [Tyson's] termination of [Hudson's] employment was in good faith and/or that [Tyson] had reasonable grounds for believing that [Hudson's] termination was not a violation of the FMLA";

(5) "Presentation of any testimony, evidence or argument relating to whether [Hudson] did or did not receive unemployment benefits at certain times."

Hudson Motion at 1-2. The court will address each request in turn.

### 1. *Prior Employment*

In his deposition, Hudson gave conflicting testimony about the dates he worked for Smithfield Packing, at one point stating that he worked there from 1995 to 2009 and later saying his employment ended in 2008. In his interrogatory responses, Hudson indicated that he was unemployed from January 2008 to November 2010, but in his deposition said those dates were incorrect. *See* Brief in Support of the Hudson Motion (docket no. 46-1) at 1. Hudson also stated that he quit his job at Smithfield Packing, but then said he was fired. *See id.* at 2; Resistance to the Hudson Motion at 2. Hudson argues that this evidence is not relevant under Federal Rule of Evidence 402 and, even if it is relevant, is outweighed by the risk of unfair prejudice and confusion under Rule 403. At the FPTC, Hudson argued the evidence should also be excluded under Rule 608. Tyson argues that this evidence is relevant because it "is highly probative of Hudson's credibility" and that it should be permitted to use the evidence for impeachment purposes. Resistance to the Hudson Motion at 2.

Under Federal Rule of Evidence 608, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608. Additionally, the Federal Rules of Civil Procedure permit the use of depositions to attack credibility. *See* Fed. R. Civ. P. 32(a)(2) ("Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.").

The court agrees with Hudson that the dates of his past employment and the fact that he was fired from a prior job are not relevant. The fact that Hudson gave conflicting testimony at his deposition, however, is relevant and admissible for the purpose of attacking Hudson's credibility. Therefore, Tyson may use the deposition testimony to impeach Hudson's credibility, but may not go into details regarding his employment history. Accordingly, the court shall grant this portion of the Hudson Motion in part and deny this portion in part.

### 2. *Mitigation of Damages*

Hudson argues that any evidence regarding mitigation of damages should be excluded because Tyson did not supplement its answer to an interrogatory that asked for evidence and facts supporting the allegation that Hudson failed to mitigate his damages. Tyson's answer to the interrogatory stated that discovery was ongoing and that it would supplement its answer with regard to mitigation. Tyson never submitted a supplement. Tyson argues that it should be permitted to submit "evidence that, based on Hudson's own deposition testimony, Hudson has not sought and does not wish to seek a higher paying job" because exclusion is a drastic remedy and unwarranted here. Resistance to the Hudson Motion at 3.

Interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties. Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012). Federal Rule of Civil Procedure 26 requires that a party who "responded to an interrogatory . . . supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1). However, "[e]xclusion of evidence is a harsh penalty, and should be used sparingly." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995). Exclusion may not be warranted where a party is on notice of the undisclosed evidence. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (upholding the district court's decision not to exclude expert testimony despite a party's failure to disclose materials the expert relied on because the materials were raised at the expert's deposition and the party was therefore on notice).

Here, Tyson pled failure to mitigate as an affirmative defense. The information that Hudson seeks to exclude is his own deposition testimony. To the extent that such testimony is relevant to the defense of failure to mitigate damages, Hudson was sufficiently on notice and exclusion is not warranted. Accordingly, the court shall deny this portion of the Hudson Motion.

### 3. *Waiver of FMLA Rights*

Hudson argues that the court should exclude Hudson's leave of absence form that includes a marked checkbox indicating that he was not applying for FMLA leave. Hudson argues that he cannot waive his right to FMLA leave and, therefore, the leave of absence form is irrelevant and prejudicial. Tyson argues that Hudson can choose not to use FMLA leave and that the form indicates that he was choosing not to utilize his FMLA leave.

4

In seeking FMLA leave, an "'employee need not expressly assert rights under the FMLA or even mention the FMLA,' but the employer 'should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and to obtain the necessary details of the leave to be taken.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243-44 (9th Cir. 2014) (quoting 29 C.F.R. § 825.302(c)) (emphasis omitted). Nothing prevents an employee from declining to exercise his FMLA rights "even if the underlying reason for seeking the leave would have invoked FMLA protection." *Id.* at 1244. Therefore, Hudson's argument that he cannot waive his FMLA rights is unfounded. While an employee may not waive his right to FMLA leave, an employee may choose not to utilize such leave. The leave of absence form is relevant to determining whether Hudson intended to take FMLA or non-FMLA leave. Such relevance is not outweighed by unfair prejudice. Accordingly, the court shall deny this portion of the Motion.

4.   *Good Faith and Reasonable Grounds*

Hudson argues that the court should exclude evidence pertaining to the affirmative defense of good faith because Tyson did not plead a good faith defense. Tyson argues that because its "evidence of good faith is the same as its evidence to rebut the elements of Hudson's claims, [it] was not required to plead" good faith as an affirmative defense. Resistance to the Hudson Motion at 5.

Federal Rule of Civil Procedure 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). This "pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it." *First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). However, "if the defense involved is one that merely negates an element of the plaintiff's prima facie case . . . it is not truly an affirmative defense and need not be pleaded despite [Federal Rule of Civil

5

Procedure] 8(c)." *Sanden v. Mayo Clinic*, 495 F.2d 221, 224 (8th Cir. 1974) (quoting 2A J. Moore, Moore's Federal Practice P8.27(2), at 1843 (2d ed. 1974)). Additionally, "[a]n affirmative defense has been described as '[a]ny matter that does not tend to controvert the opposing party's prima facie case as determined by the applicable substantive law.'" *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (quoting 2A J. Moore, Moore's Federal Practice ¶ 8.27[3] (2d ed. 1985)) (second alteration in original). "In determining whether a particular argument is an affirmative defense, courts consider 'the logical relationship between the defense and the cause of action,' and the likelihood that the plaintiff will be unfairly surprised if the defense does not appear in the pleadings." *Id.* (quoting *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987)). The First Circuit Court of Appeals states that the "test for whether a given defense falls within [Federal Rule of Civil Procedure] 8(c) . . . is whether the defense 'shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to.'" *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995) (quoting *Jakobsen v. Mass Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975)). "[F]ailure to plead . . . an affirmative defense results in a waiver of that defense and its exclusion from the case." *Sayre v. Musicland Grp., Inc.*, 850 F.2d 350, 354 (8th Cir. 1988).

Insofar as evidence of Tyson's beliefs underlying its employment actions rebuts the elements of Hudson's FMLA claims, such evidence does not constitute an affirmative defense that needs to be pled. Such evidence merely negates aspects of Hudson's prima facie case and is therefore admissible. To the extent Tyson intends to introduce evidence that does not rebut elements of Hudson's FMLA claims, but is relevant to the defense of good faith as it pertains to an award of liquidated damages, the court shall reserve ruling. Accordingly, the court shall deny this portion of the Hudson Motion in part and reserve ruling in part.

### 5. *Unemployment Benefits*

Tyson does not resist this portion of the Hudson Motion. Accordingly, the court shall grant this portion of the Hudson Motion.

### B. *Tyson Motions*

As an initial matter, the court notes that Tyson did not comply with the Local Rules in submitting its various motions in limine. The Trial Management Order (docket no. 8) states that a party's motion in limine must be submitted in one document only. "If a motion in limine is submitted in multiple documents, the court will only consider the first document filed." Trial Management Order at 11. However, despite Tyson's failure to comply with the Local Rule, the court will consider each of the issues in the Tyson Motions and the Tyson Amended Motion.[1]

In the Tyson Motion (docket no. 47) and the Tyson Amended Motion, Tyson requests that the court exclude the following:

(1) Testimony regarding Hudson's conversations with Brent McElroy;

(2) The short term disability forms Hudson did not complete and never turned in to Tyson; and

(3) "[A]ny offer of testimony by . . . Hudson regarding conversations he allegedly had with Colleen Rambo."

Tyson Motion (docket no. 47) at 1; Tyson Amended Motion at 1. Hudson resists both of these requests.[2]

---

[1] The court will consider the Tyson Amended Motion rather than the second and third Tyson Motions (docket nos. 48 and 49), as the Tyson Amended Motion consolidates the arguments set forth in the second and third Tyson Motions (docket nos. 48 and 49).

[2] Hudson did not file a resistance to the Tyson Amended Motion, nor did he file substantive resistances to these issues in the Tyson Motions, arguing only that the court should deny the motions based on the violation of the Local Rules. Nevertheless, Hudson
(continued…)

7

### 1. *Conversations with Brent McElroy*

Hudson does not resist the Tyson Motion (docket no. 47). Accordingly, the court shall grant the Tyson Motion (docket no. 47).

### 2. *Short Term Disability Forms*

Tyson argues that the court should exclude "short term disability forms that [Hudson's] doctor completed after he no longer was employed that never were provided to Tyson," because the documents are irrelevant and confusing. Brief in Support of the Tyson Amended Motion (docket no. 54-1) at 1-2. At the FPTC, Hudson argued that the form is relevant and should be admitted because it helps show that Hudson was suffering from a serious health condition.

The court finds that the short term disability form is relevant and admissible. Whether the form was provided to Tyson is disputed by the parties and can be explained to the jury at trial. Accordingly, the court shall deny this portion of the Tyson Amended Motion.

### 3. *Conversations with Rambo*

Tyson argues that anything Hudson asked Rambo to convey to Tyson regarding his absences from work, aside from "evidence of what . . . Rambo actually reported," is irrelevant and inadmissible hearsay. *Id.* at 5. Hudson argues that evidence of his conversations with Rambo are not hearsay because they will not be offered for the truth of the matter asserted. Furthermore, Hudson argues that the evidence is relevant in light of Teri Wray's testimony regarding her investigation of Hudson's absences.

Hearsay "means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the

---

[2](…continued)
argued against the Tyson Amended Motion at the Final Pretrial Conference, and the court will consider those arguments in its ruling.

matter asserted in the statement." Fed. R. Evid. 801(c) (internal formatting and emphasis omitted). Here, the court finds that the statement is not hearsay because Hudson is not offering it for the truth of the matter asserted. Rather, Hudson intends to offer it to show merely what he said to Rambo, not that what he said regarding his absences was true.

The court also finds that the evidence is relevant. Although it appears that Hudson has no personal knowledge of whether Rambo conveyed the message to anyone at Tyson, the evidence is still relevant because it tends to make whether Tyson knew of Hudson's need for an absence more likely or not. Accordingly, the court shall deny this portion of the Tyson Amended Motion.

## IV. CONCLUSION

Consistent with the foregoing, Hudson's Motion in Limine (docket no. 46) is **GRANTED IN PART**, **DENIED IN PART** and the court **RESERVES RULING IN PART**. Tyson's Motion in Limine (docket no. 47) is **GRANTED**. Tyson's Amended Motion in Limine (docket no. 54) is **DENIED**. Tyson's Motions in Limine (docket nos. 48 and 49) are **DENIED AS MOOT**. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED.**

**DATED** this 11th day of August, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

9